## THE CONEMAUGH.

### (District Court, N. D. Illinois. August 24, 1904.)

### No. 9,576.

COLLISION—CARGO DAMAGE RECOVERED FROM ONE VESSEL—ACTION TO ENFORCE CONTRIBUTION BY OTHER VESSEL EQUALLY IN FAULT.

Where, in a suit for collision, although both vessels were adjudged in fault, the libeled vessel was held liable for all cargo damage, the other not being in court, a subsequent suit against such other vessel to recoup one-half the damages so paid rests upon the doctrine of contribution, rather than of subrogation, and it is no defense that actions against the respondent vessel by her cargo owners are barred by limitation.

In Admiralty.

See 86 Fed. 814, 30 C. C. A. 628.

C. E. Kremer and W. O. Johnson, for libelant.
Harvey D. Goulder, for claimant.

KOHLSAAT, District Judge. On November 11, 1891, the owners of the defendant brought suit to recover damages sustained by defendant in collision with the propeller New York, owned then by the Union Steamboat Company, to which ownership libelant herein has succeeded, and also to recover as trustee for the owners or underwriters of the cargo. The New York, being for the purposes hereof the libelant herein, filed a cross-libel for damages sustained by her. The District Court held the New York to be alone in fault. On appeal the Circuit Court of Appeals for the Sixth Circuit reversed the finding and held the respondent herein to be alone in fault. 82 Fed. 819, 27 C. C. A. 154. On certiorari the Supreme Court held both vessels in fault, and decided that the New York must pay the full damages of the cargo owners or their intervening representatives. 20 Sup. Ct. 67, 44 L. Ed. 126. On receiving the mandate the District Court entered a decree in favor of the Conemaugh to the effect that the interveners and the Conemaugh, as trustee for cargo owners, recover the full amount of

the damages against the New York, and at the same time refused to permit the New York to recoup or offset any damages except such as were sustained by the propeller New York. On appeal from this decree the Court of Appeals affirmed the same (108 Fed. 102, 47 C. C. A. 232), and in its opinion stated that, the right of set-off, counterclaim, or recoupment being in no way set up in the pleadings, the appellants, not being obliged to assert such claim for contribution by way of recoupment in that cause, were left "free to assert their claim for contribution in an independent proceeding against the Conemaugh. No special equity appearing, this will be no injustice. The motion to remand, with leave to amend the pleadings, is therefore denied." The cause was again taken to the Supreme Court by certiorari and affirmed (23 Sup. Ct. 504, 47 L. Ed. 854), the court stating in its opinion that, "The New York, having been in fault, was responsible to the cargo, and if, as between her and the Conemaugh, she have a claim for recoupment, the way is open to recover it." This proceeding is instituted in accordance with the suggestion of the said Circuit Court of Appeals and the Supreme Court for contribution. The main contention here is as to whether the rights of libelant are based upon the doctrine of subrogation or that of contribution. The Conemaugh had a good defense as against claims of the cargo owners and other interveners, and seeks to interpose that fact as a defense to any attempt on the part of libelant herein to recover from her any part of the cargo damages. If the libelant was compelled to pay damages for cargo losses by reason of negligence to which the Conemaugh contributed, as was held by the Supreme Court, then it is of no consequence whether the Conemaugh was liable to her cargo owners or not, and she must be held to be liable for one-half of the damages caused by her negligence jointly with that of the libelant. She had no such contractual relations with libelant. If the right of recovery rests wholly upon the doctrine of subrogation, then libelant's claim would be disallowed. It cannot be that the Court of Appeals and the Supreme Court meant to decide that libelant herein should be denied the right to save its rights under the statute of limitations by amendment, and be remitted to a barren attempt to assert them in a separate proceeding which would be barred by the statute. If, however, the right of recovery is based upon the doctrine of contribution, then libelant's demands are not outlawed. This seems to me to be the reasonable construction to be placed upon the decisions of the upper court.

Libelant may present a draft of a decree in accordance herewith.